UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 06-225 (RMC) |
| ) | |
| BILLY W. KING, ) | |
| ) | |
| Defendant. ) | |

FILED
FEB - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### SENTENCING MEMORANDUM

Billy W. King appeared before the Court for sentencing on January 19, 2007, after he pled guilty to Interstate Transportation of Stolen or Fraudulently Obtained Property, 18 U.S.C. § 2314, and Causing an Act to be Done in violation of 18 U.S.C. § 2. Because the Court sentenced Mr. King outside the contours of the U.S. Sentencing Guidelines, it has prepared this Sentencing Memorandum to explain its reasoning.

Mr. King was an attorney admitted to practice law in the District of Columbia. From 1998 through 2001, he directly or through a representative of his own law firm, settled cases in which he represented tort plaintiffs without the knowledge or agreement of his clients, forged his clients' names on settlement checks issued by insurance companies, deposited the resulting monies in his law firm's accounts, and failed to pay any monies to his clients. At the time of sentencing, the losses amounted to $4,605.10 for Ms. Timica Scott-Kelly, a defrauded client; $4,394.90 for Crum & Forrester Insurance Company; and $17,100 for the Allstate Insurance Company.

With a total loss amount of $26,100, Mr. King's total offense level under the

Guidelines was 10 and his criminal history category was I. The Guideline range for imprisonment was 6 to 12 months. U.S. Sentencing Guidelines Manual ("USSG") ch. 5, pt. A. Since the minimum term of imprisonment was in Zone B of the Sentencing Table, the Guideline sentence could be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that included a term of supervised release with a condition that substituted community confinement or home detention, provided that at least one month was satisfied by imprisonment, pursuant to USSG § 5C1.1(c).

Mr. King's license to practice law has been suspended for a minimum of five years. He is involved now in a commercial endeavor with two other investors in an effort to develop a new career and a new income stream. The nature and circumstances of the offense — not only fraud and theft, but also breach of the attorney-client relationship — persuaded the Court that some period of incarceration was necessary and appropriate. However, because Mr. King owes restitution directly to a defrauded client, it was also necessary and appropriate to leave Mr. King in the community where his new business venture needs his presence and attention if it is to succeed.

For these reasons, the Court sentenced Mr. King to 8 weekends of intermittent confinement at the D.C. Jail, followed by 180 days of home detention in the electronic monitoring program, as a condition of supervised release for two years; full restitution in the total amount of $26,100; and payment of a special assessment fee of $100. Because intermittent confinement could not be accomplished within the Sentencing Guidelines and a continuous period of incarceration would doom Mr. King's new venture, the Court sentenced him outside the contours of the Guidelines. During the period of home detention, Mr. King shall remain at his place of residence, except for employment or other activities approved in advance by the Probation Office. During the term of electronic monitoring, he shall maintain a telephone at his place of residence without any

special features, modems, answering machines, or cordless telephones. He shall wear an electronic device and pay for the electronic monitoring service.

_____
ROSEMARY M. COLLYER
United States District Judge

DATE: January 31, 2007